Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
HECTOR RAIMUNDO PEREZ, *individually*
*and on behalf of others similarly situated,*

*Plaintiff,*

-against-

YOSEIRY GROCERY STORE INC.
(d/b/a YOSEIRY GROCERY
STORE), ADRIANA ARISTY, and
JULIO CASTILLO

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Hector Raimundo Perez ("Plaintiff Perez" or "Mr. Perez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Yoseiry Grocery Store Inc. ("Defendant Corporation"), Adriana Aristy, and Julio Castillo ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiff Hector Raimundo Perez ("Plaintiff Perez" or "Mr. Perez") is a former employee of Defendants Yoseiry Grocery Store Inc. (d/b/a Yoseiry grocery store), Adriana Aristy, and Julio Castillo.

2.      Yoseiry Grocery Store is a grocery store owned by Adriana Aristy and Julio Castillo, located at 25 W. 184th St., Bronx, New York 10468.

3.      Upon information and belief, Defendants Adriana Aristy and Julio Castillo serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate the grocery store.

4.      Plaintiff Perez is a former employee of Defendants.

5.      Plaintiff Perez was employed as a stocker, porter and delivery worker.

6.      However, when ostensibly working as a delivery worker, Plaintiff Perez was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to stocking items and cleaning the entire grocery store, (hereinafter, "non-delivery, non-tip duties").

7.      At all times relevant to this Complaint, Plaintiff Perez worked for Defendants in excess of 40 hours per week, without receiving appropriate minimum wage and overtime compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Perez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Defendants employed and accounted for Plaintiff Perez as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-delivery, non-tipped duties such as those outlined above.

10.     At all times, regardless of duties, Defendants paid Plaintiff Perez and all other delivery workers at a rate that was lower than the required tip-credit rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Perez's non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Perez's actual duties in payroll records by designating him as a stocker and cleaner, instead of a tipped delivery worker; this allowed defendants to avoid paying Plaintiff Perez at the minimum wage rate and enabled them to pay him at the lower tip-credited rate (which they still failed to do).

13.    Defendants' conduct extended beyond Plaintiff Perez to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.    Plaintiff Perez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.    Plaintiff Perez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

3

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental

jurisdiction over Plaintiff Perez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this district,

Defendants operate their business in this district, and Plaintiff Perez was employed by

Defendants in this district.

## PARTIES

*Plaintiff Hector Raimundo Perez*

19.    Plaintiff Perez (Plaintiff Perez" or "Mr. Perez) is an adult individual residing in

Bronx County, New York.

20.    Plaintiff Perez was employed by Defendants from approximately May 2020 until

on or about August 27, 2021.

21.    Plaintiff Perez consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b),

and brings these claims based upon the allegations herein as a representative party of a

prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    At all times relevant to this complaint, Defendants owned, operated, and/or

controlled a grocery store located at 25 W. 184th St., Bronx, New York 10468, under the name

"Yoseiry Grocery Store."

4

23.    Upon information and belief, Defendant Yoseiry Grocery Store Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 25 W. 184th St., Bronx, New York 10468.

24.    Defendant Adriana Aristy is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Adriana Aristy is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Adriana Aristy possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.  Defendant Adriana Aristy determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.    Defendant Julio Castillo is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Julio Castillo is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Julio Castillo possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.   Defendant Julio Castillo determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

26.     Defendants operate a grocery store located in the Kingsbridge Heights neighborhood of the Bronx in New York City.

27.      Individual Defendants Adriana Aristy and Julio Castillo possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Perez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Perez, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Perez, and all similarly situated individuals, and are Plaintiff Perez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Perez and/or similarly situated individuals.

32.     Upon information and belief, individual defendants Adriana Aristy and Julio Castillo operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

6

(a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or a closely controlled entity;

(f)    intermingling assets and debts of their own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Perez's employers within the meaning of the FLSA and NYLL.

34.    Defendants had the power to hire and fire Plaintiff Perez, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Perez's services.

35.    In each year from 2020 to 2021, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the grocery store on a daily basis, such as wines and spirits, were produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Perez is a former employee of Defendants, who was employed as a stocker, porter and ostensibly as a delivery worker. However, when ostensibly working as a delivery worker, he spent more than 20% of each day performing the non-delivery, non-tip duties outlined above.

38.     Plaintiff Perez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Hector Raimundo Perez*

44.     Plaintiff Perez was employed by Defendants from approximately May 2020 until on or about August 27, 2021.

45.     Defendants employed Plaintiff Perez as a stocker, porter and ostensibly as a delivery worker.

46.     However, Plaintiff Perez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

47.     Although Plaintiff Perez was ostensibly employed as a delivery worker, he spent over 20% of each day performing non-delivery work throughout his employment with Defendants.

48.    Plaintiff Perez regularly handled goods in interstate commerce, such as stocking tools and cleaning supplies produced outside of the State of New York.

49.     Plaintiff Perez's work duties required neither discretion nor independent judgment.

50.    Throughout his employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

51.    From approximately May 2020 until on or about June 2021, Plaintiff Perez worked from approximately 4:00 p.m. until on or about 12:00 a.m. Sundays through Thursdays and from approximately 4:00 p.m. until on or about 1:30 a.m. Fridays and Saturdays (typically 59 hours per week).

52.    From approximately July 2021 until on or about August 27, 2021, Plaintiff Perez worked from approximately 4:00 p.m. until on or about 12:00 a.m. Sundays through Wednesdays and from approximately 41:00 p.m. until on or about 1:30 a.m. Fridays and Saturdays (typically 51 hours per week).

53.    Throughout his employment with Defendants, Plaintiff Perez was paid his wages in cash.

54.    From approximately May 2020 until on or about August 2020, Defendants paid Plaintiff Perez   a fixed salary of $600 per week.

55.    From approximately September 2020 until on or about July 2021, Defendants paid Plaintiff Perez a fixed salary of $650 per week.

56.    From approximately July 2021 until on or about August 2021, Defendants paid Plaintiff Perez a fixed salary of $552 per week.

9

57.    During the month of August 2021, Defendants paid Plaintiff Perez a fixed salary of $400 per week.

58.    Plaintiff Perez's wages did not vary regardless of how many additional hours he worked in a week.

59.    For example, Defendants required Plaintiff Perez to work an additional 30 minutes past his scheduled departure time Fridays and Saturdays, and did not pay him for the additional time he worked.

60.    Defendants never granted Plaintiff Perez any breaks or meal periods of any kind.

61.    Plaintiff Perez was never notified by Defendants that his tips would be included as an offset for wages.

62.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Perez's wages.

63.    Plaintiff Perez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

64.    Defendants did not provide Plaintiff Perez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

65.    Defendants never provided Plaintiff Perez with a written notice, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez   regarding overtime and wages under the FLSA and NYLL.

10

*Defendants' General Employment Practices*

67.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

68.    Defendants' pay practices resulted in Plaintiff Perez not receiving payment for all his hours worked, and resulted in Plaintiff Perez's effective rate of pay falling below the required minimum wage rate.

69.    Plaintiff Perez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.    Defendants habitually required their employees, including Plaintiff Perez, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

71.    Defendants required Plaintiff Perez, and all other delivery workers, to perform general non-delivery, non-tipped tasks in addition to their primary duties as delivery workers.

72.    Plaintiff Perez and all other similarly situated employees, were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

73.    Plaintiff Perez and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants.

11

74.     However, under state law Defendants were not entitled to a tip credit because Plaintiff Perez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

75.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4).

76.     Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Perez and other delivery workers as tipped employees but did not even pay them at the tip-credited rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Perez that his tips would be credited towards the payment of the minimum wage.

79.     At no time did Defendants inform Plaintiff Perez that they had reduced his hourly wage by a tip allowance.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Perez for the deliveries he made to customers.

81.     Plaintiff Perez was paid his wages entirely in cash.

82.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

83.    Defendants failed to post required wage and hour posters in the deli, and did not provide Plaintiff Perez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Perez's relative lack of sophistication in wage and hour laws.

84.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee compensation by knowingly violating the FLSA and NYLL.

85.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Perez and other similarly situated current and former delivery workers.

86.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Perez (and similarly situated individuals) worked, and to avoid paying Plaintiff Perez properly for (1) his full hours worked and (2) for overtime due.

87.    Defendants failed to provide Plaintiff Perez and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

13

88.    Defendants failed to provide Plaintiff Perez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

89.    Plaintiff Perez brings his FLSA claims for minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

90.    At all relevant times, Plaintiff Perez  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

91.     The claims of Plaintiff Perez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### VIOLATION OF THE MINIMUM WAGE PROVISIONS of the FLSA

92.     Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

93.     At all times relevant to this action, Defendants were Plaintiff Perez's   employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Perez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

94.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.     Defendants failed to pay Plaintiff Perez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

97.     Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS of the FLSA

99.     Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

100.    At all times relevant to this action, Defendants were Plaintiff Perez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Perez (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

101.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

102.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

103.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Perez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

104.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiff Perez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

99.     Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

16

100.    At all times relevant to this action, Defendants were Plaintiff Perez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Perez (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

101.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Perez (and the FLSA Class members) less than the minimum wage.

102.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Perez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS  OF THE NEW YORK STATE LABOR LAW'S**

104.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Perez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

17

106.    Defendants failed to pay Plaintiff Perez (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

107.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.     Plaintiff Perez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

113.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to provide Plaintiff Perez with a written notice, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

115.    Defendants are liable to Plaintiff Perez in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

116.    Plaintiff Perez repeats and realleges all paragraphs above as though set forth fully herein.

117.    Defendants did not provide Plaintiff Perez with a statement of wages with each payment of wages, as required by NYLL 195(3).

118.    Defendants are liable to Plaintiff Perez in the amount of $5,000, together with

costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Perez   respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Perez's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Perez and the FLSA class members;

(f)    Awarding Plaintiff Perez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)    Awarding Plaintiff Perez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez and the members of the FLSA Class;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez and the members of the FLSA Class;

(j)    Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Perez's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)    Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Perez and the FLSA Class members;

(l)    Awarding Plaintiff Perez and the FLSA class members damages for the amount of unpaid minimum and overtime wages as well as damages for any improper deductions or credits taken against wages;

(m)    Awarding Plaintiff Perez and the FLSA class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)    Awarding Plaintiff Perez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage AND

20

overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)    Awarding Plaintiff Perez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)    Awarding Plaintiff Perez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

119.    Plaintiff Perez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 7, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

September 2, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Hector  Raymundo  Perez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    2 septiembre 2021

*Certified as a minority-owned business in the State of New York*